# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-2566

_____

Wyatt Bury, LLC; Ballpark Investments, LLC, doing business as Hope & Healing Counseling; Wyatt Bury; Pamela Eisenreich

*Plaintiffs - Appellants*

State of Missouri ex rel. MO Attorney General Catherine L. Hanaway

*Plaintiff*

v.

City of Kansas City, Missouri; Jackson County, Missouri

*Defendants - Appellees*

------------------------------

The Alliance for Therapeutic Choice and Scientific Integrity; International Foundation for Therapeutic and Counselling Choice; Laura Haynes, Dr.; The Becket Fund for Religious Liberty; State of Missouri; State of Alabama; State of Alaska; State of Arkansas; State of Florida; State of Georgia; State of Idaho; State of Iowa; State of Kansas; State of Louisiana; State of Montana; State of Nebraska; State of North Dakota; State of Ohio; State of Oklahoma; State of South Carolina; State of South Dakota; State of Texas; State of West Virginia

*Amici on Behalf of Appellant(s)*

The Trevor Project, Inc.; National Alliance on Mental Illness; PROMO, Fund

*Amici on Behalf of Appellee(s)*

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.
_____

PER CURIAM.

Appellants Wyatt Bury and Pamela Eisenreich (the Counselors) are Missouri-licensed counselors. Appellees City of Kansas City, Missouri, and Jackson County, Missouri, passed ordinances that prohibit them from engaging in conversion therapy with minors (the Counseling Ordinances). Kan. City, Mo., Code § 50-234; Jackson Cnty., Mo., Code § 5575. The Counseling Ordinances define "conversion therapy" to include "any practice or treatment that seeks to change an individual's sexual orientation or gender identity, including efforts to change behaviors or gender expressions or to eliminate or reduce sexual or romantic attractions or feelings toward individuals of the same gender." Kan. City, Mo., Code § 50-234(b)(1); Jackson Cnty., Mo., Code § 5575.1(a). But they carve out from this definition, among other practices, "counseling that provides support and assistance to a person undergoing gender transition" and "counseling that provides acceptance, support and understanding of a person." Kan. City, Mo., Code § 50-234(b)(1); Jackson Cnty., Mo., Code § 5575.1(a). Kansas City passed an additional ordinance prohibiting the Counselors from "discriminat[ing] against any person in the furnishing" of their counseling services "on account of . . . [the] sexual orientation or gender identity of such person" and from "circulat[ing] or display[ing] any . . . communication . . . to the effect that any . . . accommodations . . . will be refused, withheld from or denied to any person on account of . . . sexual orientation or gender identity, or that, for such reasons, the patronage or custom of any

person . . . is unwelcome or objectionable or not acceptable" (the Public Accommodation Ordinance). Kan. City., Mo., Code §§ 38-101, 38-113(a) (2024).[1]

The Counselors sued Kansas City and Jackson County, raising various constitutional challenges to the Counseling and Public Accommodation Ordinances. The Counselors also moved for a preliminary injunction. They grounded their preliminary injunction request on their claims that (1) the Counseling Ordinances violate their First Amendment free speech rights, (2) that the Public Accommodation Ordinance violates their First Amendment free speech rights, (3) that the Counseling Ordinances are unconstitutionally vague, and (4) that the clause of the Public Accommodation Ordinance proscribing them from communicating that certain clients are "unwelcome" is unconstitutionally overbroad. Kansas City and Jackson County jointly moved to dismiss.

The district court concluded that the Counselors were entitled only to a narrow preliminary injunction prohibiting Kansas City from "investigating, enforcing, or taking any action under the . . . Public Accommodation Ordinance against or concerning" the Counselors relating to their use of pronouns contrary to their clients' preferences or communications about their pronoun-use practices. Otherwise, the district court denied the Counselors' request to preliminarily enjoin Kansas City and Jackson County from enforcing their ordinances. In the same order, the district court also granted Kansas City and Jackson County's motion to dismiss as to most of the claims underlying the Counselors' request for a preliminary injunction, including the Counselors' free speech claim against the Counseling Ordinances, free speech claim against the Public Accommodation Ordinance (except to the limited extent that claim addressed pronoun-usage requirements), and vagueness claim against the Counseling Ordinances.

---

[1]Kansas City amended the Public Accommodation Ordinance in January 2025 in ways that are not material to this appeal. See Kan. City., Mo., Ord. 241074.

The Counselors appeal the district court's order to the extent it denied their requested injunction and dismissed the claims underlying that requested injunction.[2] After the parties filed their briefs, the United States Supreme Court decided Chiles v. Salazar, 146 S. Ct. 1010 (2026). Chiles addressed a free speech challenge to a Colorado statute similar to the Counseling Ordinances at issue here. The Court rejected Colorado's theory that its statute regulated professional conduct and not speech, observing that "[a]ll Ms. Chiles does is speak—and, as far as she is concerned, speech is all Colorado seeks to regulate," id. at 1025, and that "Colorado does not regulate speech incident to conduct; it regulates 'speech as speech,'" id. at 1026 (citation omitted). And it concluded that the Colorado statute triggered strict scrutiny because it regulated content and discriminated based on viewpoint. Id. at 1020, 1026, 1029. Notably, Kansas City and Jackson County pressed the same speech-conduct distinction the Supreme Court rejected in Chiles before the district court and before us, and this distinction featured prominently in the district court's order.

The Counselors filed a letter pursuant to Federal Rule of Appellate Procedure 28(j) that apprised us of Chiles and contended that Chiles warrants reinstatement of their dismissed claims and an order directing the district court to grant their requested preliminary injunction in full. Kansas City and Jackson County filed no response to the Counselors' Rule 28(j) letter, but, at oral argument, suggested that this case be remanded to the district court so that the district court may address Chiles's impact in the first instance. However, they disputed the extent to which Chiles controls the outcome of this case.

---

[2]We have jurisdiction to review a district court's denial of a preliminary junction under 28 U.S.C. § 1292(a)(1). Our jurisdiction extends to the review of the district court's dismissal of claims underlying the Counselors' preliminary injunction request because that dismissal is "inextricably bound up" with the district court's denial of injunctive relief. See Fogie v. THORN Ams., Inc., 95 F.3d 645, 648 (8th Cir. 1996) (citation omitted) (discussing the scope of our jurisdiction under 28 U.S.C. § 1292(a)(1)).

We find it appropriate to reverse the district court's dismissal of those claims supporting the Counselors' request for injunctive relief and to remand to the district court to consider the Counselors' complaint and request for a preliminary injunction in light of Chiles.  See Doe v. Anoka Cnty., No. 22-3012, 2024 WL 765008, at *1 (8th Cir. Feb. 26, 2024) (reversing grant of judgment on the pleadings and remanding for reconsideration in light of intervening authority); Dunne v. Res. Converting, LLC, 991 F.3d 931, 942-43 (8th Cir. 2021) (recognizing that disputes over the application of a legal standard implicating unaddressed legal and factual questions were appropriately left "to the district court in the first instance").  We thus reverse the district court's dismissal of Count 1 (the Counselor's First Amendment free speech challenge to the Counseling Ordinances); partial dismissal of Count 2 (the Counselor's First Amendment free speech challenge to the Public Accommodation ordinance); and dismissal of Count 5, to the extent that Count asserts a vagueness challenge.[3]  This case is remanded to the district court for further proceedings consistent with this opinion.

————————————————

————————————————

[3]The district court dismissed other claims the Counselors asserted—specifically, claims that the Counseling Ordinances violate their First Amendment free exercise rights and are unconstitutionally overbroad.  These claims are not connected with the Counselors' request for a preliminary injunction and are thus not properly before us.  See Fogie, 95 F.3d at 648 (recognizing that our jurisdiction under 28 U.S.C. § 1292(a)(1) extends only to issues "inextricably bound up" with a district court's preliminary injunction decision (citation omitted)).